SHARP, W., J.,
dissenting.
In this post-dissolution appeal, the former wife argues the trial court erred in refusing to vacate the parties’ property settlement agreement and the final dissolution judgment which incorporated that agreement. The wife entered into the property settlement agreement before the dissolution action was filed and without the benefit of discovery and independent counsel. In these circumstances, the agreement should have been evaluated under the standards set forth by the Florida Supreme Court in Casto v. Casto, 508 *971 So.2d 330 (Fla.1987). Because the trial court failed to apply Casto, but instead applied the more strict standard of review set forth in Rule 1.540,1 would reverse the order and remand for a new hearing in which the wife’s request to vacate the settlement agreement is properly evaluated.
The record in this case discloses that after a stormy sixteen-year marriage, the parties began discussing a divorce. At the husband’s request, his attorney prepared a formal agreement using the husband’s notes of their divorce discussions. The wife did not have her own attorney.
On January 12, 2001, the wife signed the agreement. Six days later, the husband filed for dissolution. Less than a month later, the final judgment which incorporated the parties’ agreement was entered.
Under the agreement, the wife was to transfer her interest in the marital home to the husband. The wife was to receive the husband’s interest in a vacant lot acquired during the marriage and $100,000 from the husband’s retirement account. The wife was to receive no spousal support even though her annual earned income was about $14,000, and her husband earned about $57,000. The wife was to receive no child support for the parties’ two teenaged daughters; they agreed to a split-custody arrangement.
A few months later, the wife filed a verified petition to vacate the final judgment on the grounds of fraudulent inducement and duress in executing the settlement agreement, and sought to modify the support and custody provisions of the final judgment. The wife alleged the husband misrepresented the value of the marital home, told her she was not entitled to child support and misrepresented the value of his retirement funds. As her share of the marital assets, the wife received primarily assets that were in retirement plans. To purchase a residence, the wife was required to liquidate a portion of her share of the retirement plan. She had to pay taxes on the funds she received from the retirement account, thus reducing her share of the net marital estate.
The wife also alleged that at the time she signed the agreement, she was fearful of the action the husband would take against her if she did not sign the agreement. The husband had previously threatened the wife that if she sought a divorce, he would burn the house down with her in it. He also told her he would blow her head off. The wife claimed she signed the agreement under duress.
In Casto v. Casto, 508 So.2d 330 (Fla. 1987), the Florida Supreme Court set out two separate grounds on which a trial judge may vacate or modify a post-nuptial agreement in a dissolution proceeding. Under the first ground, the spouse may establish that the agreement was reached under fraud, deceit, duress, coercion, misrepresentation or overreaching.
Under the second ground of Casto, the challenging spouse must establish the agreement makes an unfair or unreasonable provision for that spouse, given the circumstances of the parties. To establish an agreement is unreasonable, the spouse must present evidence of the parties’ relative situations, including their ages, health, education and financial status. With this information, the judge may determine that the agreement on its face does not adequately provide for the challenging spouse and consequently it is unreasonable. In making this determination, the judge must find that the agreement is disproportionate to the means of the defending spouse.
Once the spouse establishes the agreement is unreasonable, a presumption arises there was either concealment by the defending spouse or a presumed lack of knowledge by the challenging spouse of *972 the parties’ finances at the time the agreement was reached. The burden then shifts to the defending spouse who may rebut these presumptions by showing that there was either 1) a full, frank disclosure to the challenging spouse before the signing of the agreement relative to the value of all marital property and the income of the parties or 2) a general and approximate knowledge by the challenging spouse of the character and extent of the marital property sufficient to obtain a value by reasonable means, as well as a general knowledge of the income of the parties.
The court stressed that simply because one party to the agreement apparently made a bad bargain, by itself, is not a sufficient ground to vacate or modify a settlement agreement. The critical test in determining the validity of post-marital agreements is whether there was fraud or overreaching on one side or, assuming unreasonableness, whether the challenging spouse did not have adequate knowledge of the marital property and income of the parties at the time the agreement was reached.
The court also stressed that judges must recognize that parties to a marriage are not dealing at arms’ length prior to the time both parties have counsel, and the litigation has sufficiently progressed so as to have provided each with arms-length discovery and evaluation of the parties’ marital assets and relative financial status. Consequently judges must carefully examine the circumstances to determine the validity of these agreements.
In Macar v. Macar, 803 So.2d 707 (Fla. 2001), the Florida Supreme Court held that Casto does not apply to challenges to settlement agreements entered into after the start of divorce litigation and utilization of discovery procedures. The court explained that Casto applies only to agreements entered into prior to litigation and discovery. Before spouses file for dissolution, they engage each other as fiduciaries and therefore fraudulent behavior may be perpetrated more easily.
However, after a legal action has been started, both parties may employ counsel to engage in the discovery process to disclose all assets and relevant factors. Given the benefits available in contested legal actions, an ex-spouse should not be permitted to challenge settlement agreements in final judgments “under an umbrella as broadly based as those expressed in Casto.” Macar, 803 So.2d at 713. Rather, the more narrow provisions of rule 1.540 provide the more appropriate standards for challenging agreements entered into after litigation.
Here the trial judge ruled that Casto was inapplicable based on his belief the parties had been discussing settlement terms in an arm’s length posture, the filing for divorce was imminent and both understood the agreement would be presented to the court immediately after filing for dissolution. Instead the judge applied Macar which only allows a party to challenge ■ the agreement under rule 1.540.[1] *973 The judge found the only possible grounds available for relief to the wife under rule 1.540 were newly discovered evidence or fraud, and concluded she proved neither ground.
In Macar, the supreme court specifically held its decision limiting Casto only applied to cases where a contested action had been commenced and the parties had the opportunity to obtain full disclosure through various discovery mechanisms. Macar, 803 So.2d at 714 n. 7. Here the parties entered into the agreement prior to the start of any litigation. At this point, the parties still engaged each other as fiduciaries and “as such, fraudulent behavior may be perpetrated more easily.” Macar, 803 So.2d at 712.[2]
Nor had the parties in this case engaged in any discovery or exchanged financial affidavits. During their marriage, the husband alone managed their financial affairs. The wife signed the parties’ joint tax returns but without reading them. The wife even signed over her income checks to the husband. The wife had no idea of the acquisition cost of their home and the parties did not have the house appraised. Thus the wife did not know the value of this asset when she agreed to transfer it to the husband.
Although the husband had retained an attorney, the wife was not represented by counsel. In fact, the wife specifically testified the husband told her he would make sure she was taken care of and that she should not hire a lawyer “because the lawyer would take all of the money.” Thus the wife did not have the benefit of litigation discovery through independently chosen counsel “to learn the full nature and extent of the finances of the other spouse.” Crupi v. Crupi 784 So.2d 611, 613 (Fla. 5th DCA 2001). In these circumstances, the trial judge committed clear legal error by failing to apply Casto to evaluate the wife’s request to vacate the agreement and the final dissolution judgment which incorporated that agreement.
It may be tempting to simply affirm this case (as the majority seems to have done) on the basis the error was harmless and the result most likely would have been the same even if the trial judge had applied Casto. But the judge limited the wife to the narrow rule 1.540 grounds of newly discovered evidence or fraud. Under Cas-to, the court may set aside an agreement on the grounds that it is unfair or unreasonable, without regard to any finding of fraud.
Here the agreement was clearly one-sided in favor of the husband. After a 16 year marriage, the husband had no spousal or child support obligation, despite the fact that he was earning more than four-times the wife’s income. The husband received a disproportionate share of the marital as *974 sets — perhaps as much as $80,000 more than what the wife received. The husband was not required to pay the wife’s attorney fees, although it seems she clearly had the need and he had the ability to pay.
Pursuant to Casto, the wife should have been entitled to have the agreement set aside on grounds much broader than those in rule 1.540. If she established fraud, deceit, duress, coercion, misrepresentation or overreaching, or an unfair agreement accompanied by concealment or lack of knowledge of the parties’ financial resources, the court should have set aside the agreement and the final dissolution judgment which incorporated that agreement. Since the result in this case, given this record, would likely be different were the proper standard applied, I dissent from the affirmance, and would remand for a new hearing.

. Rule 1.540. Relief From Judgment, Decrees, or Orders
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons; (1) mistake, inadvertence, surprise, or excusable ne-gleet; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which *973 it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.

. The husband admitted behavior contrary to that expected of a fiduciary. For example, he admitted he told the wife he would burn their house down after she said she wanted a divorce. He admitted to drinking alcohol, being charged with DUI in the past and not always remembering what he does when he is under the influence. The husband admitted he slammed the side of the bed and broke his hand out of "frustration” while the wife was in the bedroom.